STATE OF VERMONT

ENVIRONMENTAL COURT

|  |  |  |
|---|---|---|
| In re: Appeal of | } | |
| John and Margaret Lanzetta | } | Docket No. 207-11-99 Vtec |
| | } | |
| | } | |

Decision and Order on Motion for Partial Summary Judgment

Appellants appealed from the October 5, 1999 decision of the Planning Commission of the Town of Colchester denying their application for a subdivision approval amendment to allow year-round water service to their leased lot. Appellants are represented by Brian P. Hehir, Esq.; the Town is represented by Richard C. Whittlesey, Esq. Appellants have moved for summary judgment on two issues: whether the 1994 subdivision approval and its conditions were defective and unenforceable, and whether an amendment of that 1994 subdivision approval is required for the provision of water to Appellants' leased lot year-round.

HVL Associates, Inc., owns a large tract of land at Colchester Point, divided into approximately 53 leased lots. The lessees own the structures on the leased lots. In 1993, HVL Associates, Inc., sought State and local approval to extend a municipal water line to serve the lots on Colchester Point. The Town required that the water line extension be reviewed under the Town's subdivision regulations. HVL Associates, Inc. applied for subdivision approval, which was issued by the Planning Commission on February 9, 1994. The parties have not supplied a copy of that approval, although the application at issue in the present case appears to be an application to amend that approval. No subdivision plat with reference to the water line was recorded in the town land records.

In connection with and apparently[1] as a condition to that approval, HVL Associates, Inc., the Town and the Colchester Fire District No. 2 (the District which provides water service through the water line extension) entered into a "Covenant for Water Service,"

---

[1] As referenced in the parties' arguments.

1

restricting water service to the lots to the period between April 15 and October 15 each year. The lot lessees were not parties to nor beneficiaries of[2] the Covenant. The Covenant provided that neither HVL nor the lot lessees had authority to open or close the water services, and provided that the opening and closing dates in the Covenant "shall not be amended, overruled, altered, changed or revised except by the Colchester Selectboard." The District has sufficient capacity to provide year-round water service to Appellants.

Prior to 1997 the Colchester Zoning Ordinance did not explicitly provide a permit application process for approval of the conversion of seasonal dwellings to year-round dwellings. The 1997 Zoning Ordinance provides for review of such conversions by the Zoning Board of Adjustment. Appellants' application for such approval was denied by the ZBA in part due to the availability of year-round water; the appeal of that denial is Docket No. 20-1-00 Vtec.

Appellants argue that the Covenant is void and unenforceable because 1) it was required as a condition of a subdivision approval itself invalid because no subdivision approval was required for the water line extension; 2) the subdivision plan related to the water line extension was never recorded in the Town land records, and 3) the lot lessees (dwelling owners) were not parties to the covenant and have not consented to the seasonal disconnection of their water supply. However, all that is before the Court in the present appeal is whether the subdivision approval amendment allowing Appellants to receive year-round water service should have been approved.

The validity of the 1994 subdivision approval of the extension of the water line is not before the Court, due to the finality provisions of 24 V.S.A. §4472. Even if no subdivision

---

[2] A similar 1991 extension of a municipal water line onto HVL land to serve buildings in the "Hauke's Sand Dunes" development required, as a condition precedent to the Town's approval of the extension of the water line, that HVL obtain from each tenant a written waiver of rights to year-round water service.

permit were required for the water line extension in 1994, the fact is that one was applied for and granted, and became final. This Court only has jurisdiction of the current application to amend that subdivision approval.

In any event, the Covenant is a separate document from the subdivision approval. It is a contract that was entered into in connection with the subdivision permit, but it now has independent existence as a contract among three parties: the HVL, the Town and the District. Any litigation regarding the alteration, limitation or voiding of the Covenant must be undertaken in Superior Court and should involve at least all the signatories to the Covenant, as well as perhaps the lot lessees such as Appellants who feel themselves burdened but not benefitted by the Covenant. Such litigation is beyond the jurisdiction of this Court.

Similarly, any consideration of whether the Covenant or the 1994 subdivision permit violates the Uniform Water and Sewer Disconnect Act, 24 V.S.A. §5143(a), is not before this Court, although it may be the subject of an appropriate Superior Court action. If that statute supersedes conflicting requirements of the Covenant or the 1994 subdivision permit, and Appellants therefore have a right to year-round water service, the parties may wish to determine that issue in Superior Court before proceeding to trial on the related cases for permits to convert from seasonal to year-round use.

If the subdivision permit expired because it was never filed in the land records, then the water line extension and all the connections to it are without subdivision approval, and may have to be discontinued until either the application is re-filed or the parties then litigate whether a subdivision permit is required. This Court will not proceed to address an issue with such wide-ranging implications in a case in which neither the permit applicant, the other affected lot lessees, nor the water District is a party. If Appellants wish this Court to address this issue in this appeal, Appellants shall first notify HVL, the other lot lessees, and the District of the pendency of this appeal and the issue before the Court, and we will give them 30 days from that notification to intervene in the appeal and to brief this issue before ruling on it.

Accordingly, based on the foregoing, Appellants' Motion for Summary Judgment is DENIED. The parties shall advise the Court in writing on or before June 26, 2000 whether

they wish to try the remaining issues in the three related cases (this appeal and Docket Nos. 19-1-00 and 20-1-00) on July 20, 2000, or postpone them until the Superior Court issues have been filed and resolved, or postpone them until the other potential parties have been notified of the issue regarding the expiration of the 1994 subdivision approval and have had the opportunity to intervene in this appeal.

Done at Barre, Vermont, this 19th day of June, 2000.

_____
Merideth Wright
Environmental Judge